**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JUAN ALVARADO-GONZALEZ, #Y26876, )
                                    )
            **Plaintiff,**          )
                                    )
    **vs.**                         )        **Case No. 24-cv-01371-SMY**
                                    )
WARDEN KIMBERLY (BMRCC), et al.,    )
                                    )
            **Defendants.**         )

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

This matter is before the Court for case management.  Plaintiff Juan Alvarado-Gonzalez filed this action on May 23, 2024 while he was a prisoner in the custody of the Illinois Department of Corrections ("IDOC") at Big Muddy River Correctional Center.  The Court has received no communication from Plaintiff since he filed this case, and IDOC online records show he was released on parole as of March 2, 2026.[1]

The Court ordered Plaintiff to provide written notice of his current address by May 18, 2026, and warned him that failure to comply would result in the dismissal of this case with prejudice (Doc. 9).  The deadline has come and gone, and Plaintiff has failed to update his address or respond in any way.

Accordingly, this case is **DISMISSED with prejudice** for failure to prosecute and failure to comply with an Order of the Court.  FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively

---

[1] IDOC Individual in Custody Search, https://idoc.illinois.gov/offender/inmatesearch.html (last visited May 26, 2026).

1

with prejudice). The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: May 26, 2026**

_____
**STACI M. YANDLE**
**Chief U.S. District Judge**

2